FILED

2023 Jun-23  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# EQUAL EMPLOYMENT OPPORTUNITY (EEO) PRE-COMPLAINT INTAKE FORM
*(This form is subject to the Privacy Act of 1974)*

### PRIVACY ACT STATEMENT

**AUTHORITY:** 42 U.S.C. 2000e-16(b) and (c); 29 U.S.C. 204(f) and 206(d); 29 U.S.C. 633(a); 29 U.S.C. 791; Reorg. Plan No. 1 of 1978, 43 FR 19607 (May 9, 1978); E.O. 12106, 44 FR 1053 (January 3, 1979).

**PRINCIPAL PURPOSE(S):** Information is collected in order to counsel, investigate and adjudicate complaints of employment discrimination and related appeals brought by applicants and current and former federal employees against federal employers.

**ROUTINE USE(S):** To disclose information to another federal agency, to a court, or to a party in litigation before a court or in an administrative proceeding being conducted by a federal agency when the government is a party to the judicial or administrative proceeding. To provide information to a congressional office from the record of an individual in response to an inquiry from that congressional office made at the request of that individual. To disclose to an authorized appeal grievance examiner, formal complaints examiner, administrative judge, equal employment opportunity investigator, arbitrator or other duly authorized official engaged in investigation or settlement of a grievance, complaint or appeal filed by an employee. To disclose, in response to a request for discovery or for appearance of a witness, information that is relevant to the subject matter involved in a pending judicial or administrative proceeding. For a complete list of routine uses, visit http://www.defenselink.mil/privacy/govwide/eeoc_govt-1.html.

**DISCLOSURE:** Voluntary; however, failure to complete all portions of this form may lead to dismissal of complaint on the basis of inadequate data on which to determine if complaint is acceptable for processing.

**RULES OF USE:** Rules for collecting, using, retaining, and safeguarding this information are contained in Privacy Act System Notice EEOC/Govt-1, entitled "Equal Employment Opportunity in the Federal Government Complaint and Appeal Records" available at http://www.defenselink.mil/privacy/govwide/eeoc_govt-1.html.

| 1a. I.D. Number *(EEO Office Use Only)* | 1b. MDA Case Number *(EEO Office Use Only)* | 2. Name of Aggrieved *(Last, First, MI)* <br> Varshney, Anil |
|---|---|---|

| 3a. Grade/Series/Job Title <br> Senior Systems Engineer <br><br> 3b. Employment Status <br> Gov't/Civilian | 4. Name & Address of Agency and Organization Where Allegation(s) Arose *(Include City, State and Zip Code)* <br> Missile Defense Agency <br> 5222 Martin Road SW <br> Huntsville, AL 35898 |
|---|---|

| 5a. Work Phone <br> N/A | 5b. Personal Phone *(Optional)* |
|---|---|

| 6. Home Address *(Include City, State and Zip Code)* <br><br> ██████████████ | 7. E-mail Address *(Optional)* |
|---|---|
| | 8. Initial Contact Date with EEO Official *(mm/dd/yyyy)* <br> 11/16/2022 |
| | 9. Aggrieved Informed of Right to Representation *(EEO Office Use Only)* <br> [X] Yes   [ ] No |

| 10. Date Alleged Act of Discrimination Occured <br> 10/3/2022 | 12. Representative's Contact Information *(Mailing Address and e-mail Address)* <br> Maynard Cooper & Gale, PC <br> 1901 6th Avenue North, Ste 1700 <br> Birmingham, AL 35203 <br> jwheeler@maynardcooper.com |
|---|---|
| 11. Representative's Name <br> Jennifer Wheeler | |
| 13. Representative's Work Phone <br> 205-488-3603 · 14. Representative is a Lawyer [X] Yes [ ] No | |

| 15. Aggrieved Informed of Right to Remain Anonymous During Informal Stage of Complaint Process *(EEO Office Use Only)* <br> [ ] Desires to remain anonymous   [X] Does not desire to remain anonymous |
|---|

**16a. Basis of Discrimination** *("X" below to select the basis or bases that apply to your claim or claims of discrimination.)*

| | | | | |
|---|---|---|---|---|
| x | a. Race *(State your race)* <br> Indian | | e. Disability *(Describe nature of disability)* <br> [ ] Physical _____   [ ] Mental _____ | |
| x | b. Color *(State your color)* <br> Brown | | | |
| | c. Religion *(State your religion)* | x | f. Age *(State your date of birth)* <br> ████████ | g. Sex <br> [ ] Male [ ] Female [ ] Sexual Orientation <br> [ ] Pregnancy [ ] Gender Identity [ ] LGBT |
| x | d. National Origin *(State your National Origin)* <br> India | | h. Reprisal *(Date and nature of your participation in the processing of an EEO complaint or other EEO related activity)* | |
| | i. Genetic Information | | | |

# EQUAL EMPLOYMENT OPPORTUNITY (EEO) PRE-COMPLAINT INTAKE FORM
*(This form is subject to the Privacy Act of 1974)*

16b. BRIEFLY STATE YOUR CLAIM OR CLAIMS OF DISCRIMINATION.  This is where you describe how you were harmed in regard to a term or condition of employment because of your race, color, religion, sex, national origin, age *(40 and above)*, mental or physical disability, genetic information, pregnancy discrimination, or reprisal.  Provide a date for each claim of discrimination; identify who was involved, and what happened.  Attach any documentation you wish to submit in support of your claim or claims of discrimination. Use additional paper if necessary.

See attached.

# EQUAL EMPLOYMENT OPPORTUNITY (EEO) PRE-COMPLAINT INTAKE FORM
*(This form is subject to the Privacy Act of 1974)*

**17. Alleged Responsible Management Official(s)**

| Name<br>*(Provide title, series, and grade if known)* | Organization<br>*(Include mailing address and work e-mail address if known)* | Work Phone<br>*(If known)* |
|---|---|---|
| Brock Owens | MDA | |
| | | |
| | | |
| | | |

**18. Witnesses to be Interviewed Who Have First-Hand Knowledge**

| Name<br>*(Provide title, series, and grade if known)* | Organization<br>*(Include mailing address and work e-mail address if known)* | Work Phone<br>*(If known)* |
|---|---|---|
| See attached. | | |
| | | |
| | | |
| | | |

**19. What are you seeking to Resolve this Pre-complaint?** *(Be Specific)*

Reinstatement of job and security privileges without retaliation. Backpay, punitive damages, lost benefits, front pay (if not reinstated), attorney's fees.

| | Date *(mm/dd/yyyy)* |
|---|---|
| ☐ 20a. Aggrieved was Counseled on the EEO Administrative Complaint Process as Outlined in 29 CFR Part 1614. *(EEO Office Use Only)* | |
| ☐ 20b. Aggrieved was Provided EEO Rights and Responsibilities Notice *(EEO Office Use Only)* | Date *(mm/dd/yyyy)* |

**21. Complainant Provided with Information on Other Avenues of Redress** *(EEO Office Use Only)*:

☐ U.S. Merit Systems Protection Board        ☐ Administrative Grievance Procedure

☐ U.S. Office of Special Counsel

| 22. Complainant Offered Alternative Dispute Resolution (ADR) as a Means to Resolve the Complaint *(EEO Office Use Only)*<br>☐ Accepted        ☐ Rejected | Date *(mm/dd/yyyy)* |
|---|---|
| 23. Aggrieved Signature<br>s/ Anil Varshney | Date *(mm/dd/yyyy)*<br>11/23/2022 |

**MDA FORM 1877  MAR 2015**

# EQUAL EMPLOYMENT OPPORTUNITY (EEO) PRE-COMPLAINT INTAKE FORM
## *(This form is subject to the Privacy Act of 1974)*

This form is for your use if you are a federal employee, former employee, or applicant for federal employment. If you believe you have been discriminated against in an employment matter based on one or more of the following protected groups or activities, you may initiate the EEO complaint process:

Race,
Color,
Religion,
Sex,
National Origin,
Age (40 years old or older),
Disability (physical or mental),
Genetic Information,
Pregnancy, and/or
Reprisal (for taking part in the discrimination complaint process or for opposing any unlawful employment practice under its authority)

The person who believes she or he has been discriminated against is called the aggrieved or the aggrieved person in the MDA Form 1877 and the instructions to fill out the MDA Form 1877 below.  To assist the aggrieved person in providing all the information required in order to file a complaint of discrimination, this pre-complaint form (MDA Form 1877) is provided.  The aggrieved person must participate in the Equal Employment Opportunity (EEO) pre-complaint process before filing a formal complaint of discrimination.

Disclosure of personal information is voluntary; however, failure to complete all portions of this form identified to be completed by the aggrieved person may lead to closure of the pre-complaint process because the information required to process the pre-complaint was not provided.  Upon completion, return the signed and dated DLA Form 1877 to the DLA EEO Office.  The address is listed in the packet you received.

1.  MDA CASE NUMBER (EEO Office Use Only) – An EEO Staff member will enter the information.

2.  NAME OF AGGRIEVED – List the last name, first name, and middle initial of the person who is aggrieved.

3.  GRADE/SERIES/JOB TITLE – List the aggrieved person's current position (if this is applicable).

4.  NAME & ADDRESS OF AGENCY ORGANIZATION WHERE ALLEGATION(S) AROSE – State the name of the MDA organization, branch division, street name, city, state, and zip code where the alleged discrimination happened.

5.  WORK PHONE NUMBER OR PERSONAL PHONE NUMBER – List the aggrieved person's area code and telephone number.

6.  HOME ADDRESS – List the aggrieved person's home address to include the street number, city, state, and zip code.

7.  E-MAIL ADDRESS (Optional) – List the aggrieved person's work or personal e-mail address.

8.  INITIAL CONTACT DATE WITH EEO OFFICIAL – List the date the aggrieved person contacted an EEO official. In accordance with 29 CFR § 1614.105(a)(1) an individual must initiate contact with an EEO staff member or EEO Counselor within 45 calendar days of the Agency's alleged act of discrimination, or in the case of a personnel action, within 45 calendar days of the effective date of the action.

9.  AGGRIEVED INFORMED OF RIGHT TO REPRESENTATION (EEO Office Use Only) – An EEO Staff member will enter this information. You may designate a representative at any stage of the complaint process, including the pre-complaint counseling stage. You must designate your choice of a representative in writing.  Please note: The designation of a specific representative may not cause undue delay to the EEO process or unwarranted expense to the Defense Logistics Agency.  In addition, the designation of a representative that may create a conflict of interest may not be allowed.

10. DATE ALLEGED ACT OF DISCRIMINATION OCCURRED – State the month, date, and year when the alleged discriminatory act occurred. (Dates are used to determine timeliness in accordance with the EEOC regulation 29 CFR 1614.)

11. REPRESENTATIVE'S NAME – List the first and last name of the aggrieved person's representative.

12. REPRESENTATIVE'S CONTACT INFORMATION – List the street name, city, zip code, and email address.

13. REPRESENTATIVE'S WORK PHONE – List the area code and telephone number.

14. REPRESENTATIVE IS OR IS NOT A LAWYER – Indicate if the aggrieved person's representative is a lawyer or not.  In accordance with 29 CFR § 1614.605(d) and (e) "Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney.  The complainant must serve all official correspondence on the designated representative of the agency." "The Complainant shall at all times be responsible for proceeding with the complaint whether or not he or she has designated a representative."

15. AGGRIEVED INFORMED OF RIGHT TO REMAIN ANONYMOUS DURING INFORMAL STAGE OF COMPLAINT PROCESS (EEO Office Use Only) – For EEO Staff Member to complete.  In the informal or pre-complaint stage of the EEO process an aggrieved person has the right to remain anonymous.  If you request anonymity, the MDA EEO office will honor your request.  However, in some instances, such as certain harassment cases, the MDA EEO office is required to divulge information regarding your pre-complaint to appropriate MDA officials.  When a complaint reaches the formal stage, your identity will not be kept confidential during the formal complaint process.

# EQUAL EMPLOYMENT OPPORTUNITY (EEO) PRE-COMPLAINT INTAKE FORM
## *(This form is subject to the Privacy Act of 1974)*

16a. BASIS OF DISCRIMINATION – Aggrieved to place an "X" only on the basis or bases that apply to his/her claim or claims of discrimination. For example, if you feel that you were discriminated because of race, you should check the box next to Race. If you feel that you were discriminated because of your sex, religion and national origin, you should only check those five boxes.

16b. BRIEFLY STATE YOUR CLAIM(S) OF DISCRIMINATION – State clearly the action(s) which the aggrieved person alleges MDA took or failed to take that he/she believes to be discriminatory.  What action(s) was taken or not taken that led the aggrieved person to contact EEO. Provide a date for each action, and identify who was involved.

17. ALLEGED RESPONSIBLE MANAGEMENT OFFICIAL – List the name, title, series, organization, address, telephone number, and e-mail address of the management official(s) who took or failed to take an action.

18. WITNESSES TO BE INTERVIEWED WHO HAVE FIRST-HAND KNOWLEDGE – List the name, title, series, organization, address, telephone number, and e-mail address of any witnesses who has first-hand knowledge of the alleged discriminatory incident(s).

19. WHAT ARE YOU SEEKING TO RESOLVE THIS COMPLAINT? – Specify the relief the aggrieved person is seeking.

20a. – AGGRIEVED WAS COUNSELED ON THE EEO ADMINISTRATIVE COMPLAINT PROCESS AS OUTLINED IN 29 CFR 1614 (EEO Office Use Only) - An EEO staff member will enter the information.

20b. – AGGRIEVED PROVIDED EEO RIGHTS AND RESPONSIBILITIES NOTICE (EEO Office Use Only) – An EEO staff member will enter the information.

21. COMPLAINANT PROVIDED WITH INFORMATION ON OTHER AVENUES OF REDRESS (EEO Office Use Only) – An EEO staff member will enter the information.

22. AGGRIEVED OFFERED ALTERNATIVE DISPUTE RESOLUTION (ADR) AS A MEANS TO RESOLVE THE COMPLAINT (EEO Office Use Only) – An EEO staff member will enter the information.

23. AGGRIEVED SIGNATURE AND DATE – The aggrieved person signs and dates MDA Form 1877.

Please return the signed and dated MDA Form 1877 to the MDA EEO Office.
The address is listed in the packet you received.

**Addendum to EEO Pre-Complaint Intake Form – Mr. Anil Varshney**

Mr. Varshney is a 78-year-old Indian man who has faithfully and honestly served his joint employer MDA for 21 years. During that period, he has been given awards from time to time for excellent performance.  During that time, he has also been subjected to multiple and continual instances of mistreatment and comments based on his race, color, and national origin. These comments have occurred in a local work environment that has consistently lacked the diversity of workforce and leadership to properly prevent and address such matters before or as they arise. This mistreatment escalated to the point where Mr. Varshney was abruptly terminated from his position as a Senior Systems Engineer and had his security privileges revoked based on discrimination due to race, color, national origin, and age.

On October 3, 2022, Mr. Varshney was informed that MDA had terminated Mr. Varshney and revoked his security privileges. On the same day, an MDA employee reported Mr. Varshney to his joint employer Parsons Corporation for using Facetime on his personal phone at the MDA worksite, and for two prior alleged security violations relating to use of a thumb drive in a computer. As a result of MDA's report, Parsons also terminated Mr. Varshney's employment.

Mr. Varshney had received no prior notifications or warnings related to the alleged incidents and had not been the subject of any inquiry or investigation into any of these alleged incidents.  Despite Mr. Varshney's record of faithful service to MDA, Mr. Varshney is not aware of any investigation by MDA into the truth or veracity of the allegations. If MDA had properly investigated the circumstances of the Facetime call, it would have learned that the call was received in an empty area where no work was being completed and no classified information was in the area. The Facetime call was necessary to receive an urgent family communication and was approximately two minutes long. No other personnel were in the area. Toward the end of the call, a white MDA employee, Brock Owens, walked by and saw Mr. Varshney speaking Hindi to his family members.

While Mr. Varshney acknowledges that cell phones are not permitted in the conference rooms during classified meetings, they are permitted in the office at MDA Huntsville. (This is in stark contrast to MDA Colorado Springs, where cell phones are not even permitted in the building.) Mr. Varshney does not recall training material clearly stating that Facetiming is prohibited or considered a security offense even when conducted in empty areas and in urgent family situations. If such training was provided, it was ineffective. After being terminated, Mr. Varshney asked two current employees working in the MDA building and if they were aware of this rule, and they were not. Mr. Varshney also was not made aware of any prior security violations except for a call from IT stating that he had inadvertently placed a thumb drive into the wrong computer by mistake on one occasion. He was not served any notice or consulted, reprimanded, or investigated by anyone including a supervisor about any other incident.

Mr. Varshney has been the target of ethnically charged comments and actions multiple times by white employees of MDA, including being treated differently than the younger, white employees. For example, MDA employees would exclude him while including white employees, use names for him like "this Thing" even when he was sitting right next to them, and complain that they couldn't understand Mr. Varshney's Indian accent. MDA employees regularly pretend

that Mr. Varshney does not exist by directing their answers to Mr. Varshney's questions to white employees, ignoring him entirely. Although these incidents happened with extreme frequency, some specific examples that Mr. Varshney can recall at this time, as well as witnesses to this behavior, are included below. The environment created does not allow for reporting of this behavior and allows for unlawful discrimination against Mr. Varshney based on his race, color, national origin, and age.

MDA has treated others outside Mr. Varshney's protected categories more favorably. On numerous occasions white MDA employees have taken cell phones into classified meetings. If/when they or others realize it has been done, they have simply been allowed to remove their cell phones from the room without reporting, reprimand, or termination. Mr. Varshney is also aware of at least one recent specific situation involving a far more serious security violation made by a younger white male that did not result in reporting or enforcement. In a classified VTC meeting, where cell phones and unclassified computers are not allowed, this individual opened an unclassified computer and was simply tapped and told by another individual that it was a security violation. It was not reported and to Mr. Varshney's knowledge, the individual was not terminated. This classified meeting was attended by Mr. Cary Boyd and Mr. Alvin Myers of THAAD Fire Control and Communication (TFCC), among others. Mr. Varshney has clearly been treated differently for a much less serious situation and without any risk to classified information.

MDA terminated Mr. Varshney because of Mr. Varshney's race, color, national origin, and age. The lack of investigation, inquiry, and proper training, combined with the racially charged environment to which Mr. Varshney has been subjected, are evidence that Mr. Varshney has been unlawfully discriminated against due to his race, color, national origin, and age. Enforcement of the supposed security violations has been inconsistently applied within MDA and Mr. Varshney has been treated less favorably by MDA than others outside his protected categories. This discrimination violates Title VII of the Civil Rights Act of 1964, as amended (Title VII); the Age Discrimination in Employment Act of 1967 (ADEA); the Alabama Age Discrimination in Employment Act (AADEA); and the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 (No FEAR Act).

After 20+ years of service to MDA, Mr. Varshney's career was ended abruptly with extreme emotional and financial impact. He intended to continue serving his profession and the government in the years ahead. Given his age, MDA has effectively ended that opportunity. However, Mr. Varshney's security clearance with respect to other agencies remains intact. He requests to be reinstated with MDA, and to be paid backpay, lost benefits, punitive damages, and attorneys' fees. If Mr. Varshney cannot be reinstated, he also requests payment of front pay.

**Question 18: Witnesses to be Interviewed Who Have First-Hand Knowledge**

1. Brock Owens, MDA – Mr. Owens witnessed the end of Mr. Varshney's Facetime call as referenced above.

2. David Lair, Senior Technical Consultant, Parsons Corporation – Mr. Lair was Mr. Varshney's supervisor at Parsons and terminated Mr. Varshney based on MDA's October 3 report.

3. Cary Boyd and Alvin Myers, both from THAAD Fire Control and Communication – These gentlemen witnessed the more serious security violation referenced above.

4. Tim Nolfo and Craig Meadows, both from Targets.

   a. In 2021, MDA employees who were supporting the Targets group, including Mr. Varshney, went to Florida on a company trip. While sitting around a table at a restaurant, many of Mr. Varshney's coworkers decided to go outside to get fresh air, leaving Mr. Varshney alone with Mr. Nolfo. Mr. Nolfo asked the departing group why they were leaving "this Thing" with him, indicating Mr. Varshney. Mr. Meadows witnessed this exchange.

   b. The next day, Mr. Meadows, another individual, Mr. Nolfo, and Mr. Varshney were on site standing in the sun. Mr. Nolfo decided to bring water bottles for the group. He began passing out the bottles, but only to the white people, purposefully skipping over Mr. Varshney.

3

# EXHIBIT B



**DEPARTMENT OF DEFENSE**

**MISSILE DEFENSE AGENCY**
**5700 18ᵀᴴ STREET**
**FORT BELVOIR, VIRGINIA  22060-5573**

EO

DATE:      02-01-23

SUBJECT:      Notice of Final Interview/Right To File a  Discrimination Complaint


TO:   Anil Varshney  (Jennifer Wheeler –representative)

   Sent via email: jwheeler@maynardcooper.com


1. This serves as notice that on 01-31-23, the final counseling interview as held in connection with the claims you presented to the Equal Employment Opportunity (EEO) Office Counselor.  My initial interview with you was on 12-21-22. During our conversation, you  alleged that you were discriminated against based on your race (Indian) National Orgin (India), age (over 40- DOB 9/23/44), and color (Brown) when:

   - On 10-6-22 you received a letter from your employer (Parsons) informing you that you were being terminated because of a security violation reported by a MDA employee.
   - You also stated you were subjected to a hostile work environment by co-workers when you were constantly referred to as "this thing".


2. If you believe you have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, genetic information and/or reprisal for participate in protected EEO activity or opposition to prohibited discrimination, you have the right to file a formal complaint of discrimination within 15 calendar days of receipt of this notice.

3. This complaint must be in writing, preferable on DD FORM 2655, which is provided for your convenience.  Your complaint must be filed by you or your representative via email within **15 calendar days after receipt of this notice**, with the following official(s) authorized to receive discrimination complaints.

   ATTN: Corey Pitts, Complaints Manager
   equal-opportunity@mda.mil

4. A Formal Complaint must specify the claims(s) and the basis(es) of the complaint discussed during the counseling session.  It is important that you state the incident(s) that caused you to initiate your complaint as concisely as possible, citing the nature of the action, the date of the action, and the person(s) involved.  You may only raise claim(s) and incident(s) discussed, or like or related to those discussed during counseling.  The complaint should also state whether you filed a grievance under a Negotiated Grievance Procedure or an appeal to the Merit System Protection Board, on the same subject matter, including dates.  This information is necessary to determine whether your complaint is appropriate for processing under Title 29, Code of Federal Regulation, Part 1614.

2

5.  You are advised that if your representative is an attorney, service of all official correspondence will be made to the attorney with a copy furnished to you, however, time frames for the receipt of correspondence will be computed from the date of receipt by the attorney.

6.  You and/or your representative will receive a written acknowledgement of receipt of your formal discrimination complaint from the EO Director.

7.  The POC is Corey M. Pitts, EEO Complaints Manager 256-450-3233.

_____          _____
Complainant NAME                                     Date

_____          _____
Counselor NAME                                         Date
EEO Counselor

Encl:  (1) Formal Complaint Form

# EXHIBIT C

# COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT

*(This form is subject to the Privacy Act of 1974)*
*(See Page 3 for Privacy Act Statement and Instructions - Please type or print)*

**FOR AGENCY USE**

**1. FULL NAME OF COMPLAINANT** *(Last, First, Middle Initial)*
Varshney, Anil

**2. TELEPHONE NUMBER** *(Include Area Code)*

**3. ADDRESS** *(Street, City, State, and ZIP Code)*

a. HOME
(

b. OFFICE
(          )

**4. FEDERAL OFFICE YOU BELIEVE DISCRIMINATED AGAINST YOU**
*(Prepare a separate complaint form for each office which you believe discriminated against you.)*

**5. ARE YOU NOW WORKING FOR THE FEDERAL GOVERNMENT?**
*(If answer is "Yes" complete a, b, and c below.)*

YES ☐   NO ☒

a. NAME OF OFFICE THAT YOU BELIEVE DISCRIMINATED AGAINST YOU

Missile Defense Agency

a. NAME OF AGENCY WHERE YOU WORK

Missile Defense Agency

b. ADDRESS OF OFFICE *(Street, City, State, and ZIP Code)*

5222 Martin Road SW
Huntsville, AL 35898

b. ADDRESS OF YOUR AGENCY *(Street, City, State, and ZIP Code)*

5222 Martin Road SW
Huntsville, AL 35898

c. NAME AND TITLE OF PERSON(S) YOU BELIEVE DISCRIMINATED AGAINST YOU *(If you know)*

Unknown / Brock Owens

c. TITLE AND GRADE OF YOUR JOB

Senior Systems Engineer

**6. ELECTION OF REPRESENTATION**   ATTORNEY ☒   NON-ATTORNEY ☐   NO REPRESENTATION ☐

a. NAME OF REPRESENTATIVE *(If applicable)*
Jennifer Wheeler

**7. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION TOOK PLACE** *(YYYYMMDD)*

2022/10/06

b. ADDRESS *(Include ZIP Code)*

Maynard Cooper & Gale, 1901 Sixth Avenue North, Suite 1700, Birmingham, AL 35203

c. TELEPHONE NUMBER *(Incl. area code)*
(205) 488-3603

d. FAX NUMBER *(Incl. area code)*

e. E-MAIL ADDRESS
jwheeler@maynardcooper.com

**8. CHECK BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST**

| | | |
|---|---|---|
| ✔ | a. RACE *(If so, state your race)* | Indian |
| ✔ | b. COLOR *(If so, state your color)* | Brown |
| | c. RELIGION *(If so, state your religion)* | |
| ✔ | d. NATIONAL ORIGIN *(If so, state your national origin)* | India |
| | e. SEX *(If so, state your sex)* | |
| ✔ | f. AGE *(If so, state your age)* (See Note 1) | ■■■■■ |
| | g. DISABILITY *(If so, state whether mental or physical)* | |
| | h. SEXUAL HARASSMENT *(If so, state your sex and the sex of the person you believe harassed you)* | |
| | i. REPRISAL FOR PREVIOUS EEO ACTIVITY *(If so, when)* | |
| | j. GENETIC INFORMATION | |
| | k. PREGNANCY | |

Note 1:  Complaints of discrimination because of age apply only to employees or applicants who were at least 40 years of age at the time the discriminatory action is alleged to have occurred.

**9. EXPLAIN IN SPECIFICS HOW YOU BELIEVE YOU WERE DISCRIMINATED AGAINST** *(treated differently from other employees or applicants)* **DUE TO YOUR RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX, AGE, PREGNANCY, GENETIC INFORMATION, DISABILITY, OR REPRISAL**
*(For each allegation, please state to the best of your knowledge, information and belief what incident occurred and when the incident occurred. If you need more space, continue on another sheet of paper.)*

See attached.

**DD FORM 2655, JUN 2012**                    PREVIOUS EDITION IS OBSOLETE.

Adobe Professional 8.0

| 10. I HAVE DISCUSSED MY COMPLAINT WITH AN EQUAL EMPLOYMENT OPPORTUNITY COUNSELOR *(See instructions)* | 11. NAME OF COUNSELOR *(If applicable)* |
|---|---|
| [X] YES    [ ] NO | Harry Carter |

**12. HAVE THE ISSUES IDENTIFIED IN BLOCK 9 BEEN APPEALED TO THE MERIT SYSTEMS PROTECTION BOARD (MSPB) OR FILED UNDER A UNION NEGOTIATED GRIEVANCE PROCEDURE?**   [X] NO    [ ] YES *(If Yes, complete 12.a., b., and c. below)*

| a. *(X one)* | b. DATE FILED *(YYYYMMDD)* | c. MSPB OR UNION DOCKET NUMBER *(If known)* |
|---|---|---|
| [ ] MSPB   [ ] UNION NEGOTIATED GRIEVANCE | | |

**13. WHAT RELIEF ARE YOU SEEKING TO RESOLVE THIS COMPLAINT?** *(State specific corrective action desired for each allegation.)*

See attached.

**14. LIST NAME(S) OF WITNESS(ES) AND BRIEFLY STATE WHAT INFORMATION WITNESS MAY CONTRIBUTE TO THE INVESTIGATION OF YOUR COMPLAINT.**

See attached.

| 15. SIGNATURE OF COMPLAINANT | 16. DATE OF THIS COMPLAINT *(YYYYMMDD)* |
|---|---|
| | 2023/02/14 |

DD FORM 2655, JUN 2012

**PRIVACY ACT STATEMENT**

**AUTHORITY:** 10 U.S.C. 136; 29 U.S.C. 791, 792, 793, and 795; DoD Directive 1440.1; and E.O. 12106.

**PRINCIPAL PURPOSE(S):** To establish case records and document the counseling, investigation, and adjudication of complaints of employment discrimination brought by applicants and current and former DoD employees against the DoD.

**ROUTINE USE(S):** Records may be provided to EEO officials, hearing examiners, investigators and arbitrators, or by representatives of the Equal Employment Opportunity Commission and the courts concerning the complaint and appeal. The Blanket Routine Uses found at http://dpclo.defense.gov/privacy/SORNs/blanket_routine_uses.html apply to these records. The specific routine uses found at http://dpclo.defense.gov/privacy/SORNs/govt/EEOCGOVT-1.html also apply to these records.

**DISCLOSURE:** Voluntary. However, if the individual does not furnish the information requested, processing the complaint may be delayed or impaired.

**READ INSTRUCTIONS CAREFULLY**

This form should be used only if you, as an applicant for Federal employment or a Federal employee, think you have been discriminated against due to race, color, religion, sex, national origin, age, pregnancy, genetic information, disability, or reprisal by a Federal agency and have presented the matter for informal resolution to an Equal Employment Opportunity Counselor within 45 calendar days of the date the incident occurred or, if a personnel action, within 45 calendar days of its effective date.

Your complaint must be filed within 15 calendar days of the date of your final interview with the Equal Employment Opportunity Counselor. If the matter has not been resolved to your satisfaction within 30 calendar days of your first interview with the Equal Employment Opportunity Counselor and the final counseling interview has not been completed within that time, you have the right to file a complaint at any time thereafter up to 15 days after the final interview.

These time limits may be extended if you show that you were not notified of the time limits and were not otherwise aware of them, or that you were prevented by circumstances beyond your control from submitting the matter within the time limits, or for other reasons considered sufficient by the agency.

If you need help in the preparation of your complaint, you may contact the Equal Employment Opportunity Counselor who provided you with your initial counseling, or you may secure help from a representative of your choice.

For complaints filed against the Immediate Office of the Secretary of Defense, the Joint Staff and all activities receiving administrative support from Washington Headquarters Services, the individuals designated to receive complaints are the Equal Employment Opportunity Officer or the Director, EEO, Office of the Secretary of Defense. Complaints generated within agencies outside the above designated activities must be filed with that agency's individual designated to receive complaints of discrimination, i.e., the Chief EEO Counselor.

You may have a representative of your own choosing at all stages of the processing of your complaints.

You will have an opportunity to talk with an investigator and present all the facts which you believe show discrimination. The investigator will not be under the jurisdiction of the head of that part of the agency in which the alleged discrimination took place.

After the investigation of your complaint has been completed, you will be furnished a copy of the Report of Investigation. You will be given an opportunity to request a hearing, which will be conducted by an Administrative Judge assigned by the Equal Employment Opportunity Commission (EEOC). The hearing will be held at a convenient time and place. At the hearing, you may present witnesses and other evidence on your behalf.

The final decision (in writing) will be made by the head of the agency or his or her designee. If a hearing is held on your complaint, the head of the agency or the designee will review the decision recommended by the Administrative Judge before making a final decision, and will furnish you with a transcript of the hearing, a copy of the findings, analysis, and recommended action of the Administrative Judge, along with the agency's final decision letter.

If you are not satisfied with the final agency decision, you have the right to appeal that decision within 30 calendar days after receipt to the Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, DC 20013.

If your complaint is based on race, color, religion, sex, national origin, pregnancy, genetic information, disability, or reprisal, you may file a civil action in an appropriate U.S. District Court within 90 days of receipt of the agency's decision or, if you elect to file an appeal with the Commission, you may still file a civil action in a Federal District Court within 90 days of the Commission's decision if you are dissatisfied with the decision.

If your complaint is based on race, color, religion, sex, national origin, pregnancy, genetic information, disability, or reprisal, you may file a civil action in an appropriate U.S. District Court if you have not received a final agency decision within 180 days of filing your complaint with the agency or if you have not received a final Commission decision within 180 days of filing your appeal with the Commission's Office of Federal Operations.

## Addendum to EEO Complaint of Discrimination
## in the Federal Government – Mr. Anil Varshney

Mr. Varshney is a 78-year-old Indian man who has faithfully and honestly served his joint employer MDA for 21 years. During that period, he has been given awards from time to time for excellent performance.  During that time, he has also been subjected to multiple and continual instances of mistreatment and comments based on his race, color, and national origin. These comments have occurred in a local work environment that has consistently lacked the diversity of workforce and leadership to properly prevent and address such matters before or as they arise. This mistreatment escalated to the point where Mr. Varshney was abruptly terminated from his position as a Senior Systems Engineer and had his security privileges revoked based on discrimination due to race, color, national origin, and age.

On October 3, 2022, Mr. Varshney was informed that MDA had terminated Mr. Varshney and revoked his security privileges. On the same day, an MDA employee reported Mr. Varshney to his joint employer Parsons Corporation for using Facetime on his personal phone at the MDA worksite, and for two prior alleged security violations relating to use of a thumb drive in a computer. As a result of MDA's report, Parsons also terminated Mr. Varshney's employment.

Mr. Varshney had received no prior notifications or warnings related to the alleged incidents and had not been the subject of any inquiry or investigation into any of these alleged incidents.  Despite Mr. Varshney's record of faithful service to MDA, Mr. Varshney is not aware of any investigation by MDA into the truth or veracity of the allegations. If MDA had properly investigated the circumstances of the Facetime call, it would have learned that the call was received in an empty cubicle area where no work was being completed and no classified information was in the area. The Facetime call was necessary to receive an urgent family communication and was approximately two minutes long. No other personnel were in the area; indeed, due to COVID protocols, on that day there were only two other employees on the entire floor. Mr. Varshney was not in or close to any confidential meeting. He was not even scheduled for any confidential meeting on the day the call took place. Toward the end of the call, a younger white MDA employee, Brock Owens, happened to walk by and saw Mr. Varshney speaking Hindi to his family members.

While Mr. Varshney acknowledges that cell phones are not permitted in the conference rooms during classified meetings, they are permitted in the office at MDA Huntsville. (This is in stark contrast to MDA Colorado Springs, where cell phones are not even permitted in the building.) There is nothing prohibiting Mr. Varshney from talking on his personal phone in the area where he took the Facetime call. Mr. Varshney does not recall any training material clearly stating that Facetiming is prohibited or considered a security offense even when conducted in empty areas and in urgent family situations. If such training was provided, it was ineffective. After being terminated, Mr. Varshney asked four current employees working in the MDA building if they were aware of this rule, and they were not. Mr. Varshney also was not made aware of any prior security violations except for one call from IT stating that he had inadvertently placed a thumb drive into the wrong computer by mistake on one occasion. He was not served any notice or consulted, reprimanded, or investigated by anyone including a

supervisor about a second thumb drive incident or any other incident. And to Mr. Varshney's knowledge there is no record at MDA or Parsons of any security violations prior to the Facetime call.

Mr. Varshney has been the target of ethnically charged comments and actions multiple times by white employees of MDA, including being treated differently than the younger, white employees. For example, MDA employees would exclude him while including white employees, use names for him like "this Thing" even when he was sitting right next to them, and complain that they couldn't understand Mr. Varshney's Indian accent. MDA employees regularly pretended that Mr. Varshney did not exist by directing their answers to Mr. Varshney's questions to white employees, ignoring him entirely. Although these incidents happened with extreme frequency, some specific examples that Mr. Varshney can recall at this time, as well as witnesses to this behavior, are included below. The environment created does not allow for reporting of this behavior and allows for unlawful discrimination against Mr. Varshney based on his race, color, national origin, and age.

MDA has treated others outside Mr. Varshney's protected categories more favorably. On numerous occasions white MDA employees have taken cell phones into classified meetings. If/when they or others realize it has been done, they have simply been allowed to remove their cell phones from the room without reporting, reprimand, or termination. Mr. Varshney is also aware of at least one recent specific situation involving a far more serious security violation made by a younger white male that did not result in reporting or enforcement. In a classified VTC meeting, where cell phones and unclassified computers are not allowed, this individual opened and began working on an unclassified computer and was simply tapped and told by another individual that it was a security violation. This violation was not reported and to Mr. Varshney's knowledge, the individual was not terminated. This classified meeting was attended by Mr. Cary Boyd and Mr. Alvin Myers of THAAD Fire Control and Communication (TFCC), among others. Mr. Varshney has clearly been treated differently for a much less serious situation and without any risk to classified information. In another instance, a younger white male, Mr. Jim Cambron, took a picture inside of the MDA building and received no discipline.

MDA terminated Mr. Varshney because of Mr. Varshney's race, color, national origin, and age. The lack of investigation, inquiry, and proper training, combined with the racially charged environment to which Mr. Varshney has been subjected, are evidence that Mr. Varshney has been unlawfully discriminated against due to his race, color, national origin, and age. Enforcement of the supposed security violations has been inconsistently applied within MDA and Mr. Varshney has been treated less favorably by MDA than others outside his protected categories. This discrimination violates Title VII of the Civil Rights Act of 1964, as amended (Title VII); the Age Discrimination in Employment Act of 1967 (ADEA); the Alabama Age Discrimination in Employment Act (AADEA); and the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 (No FEAR Act).

After 20+ years of service to MDA, Mr. Varshney's career was ended abruptly with extreme emotional and financial impact.  He intended to continue serving his profession and the government in the years ahead. Given his age, MDA has effectively ended that opportunity. However, Mr. Varshney's security clearance with respect to other agencies remains intact. He requests to be reinstated with MDA, reinstatement of his security privileges, and to be paid

backpay, lost benefits, punitive damages, and attorneys' fees. If Mr. Varshney cannot be reinstated, he also requests payment of front pay.

**Question 14: Witnesses to be Interviewed Who Have First-Hand Knowledge**

1. Brock Owens, MDA (or former employee of MDA) – Mr. Owens witnessed the end of Mr. Varshney's Facetime call as referenced above.

2. David Lair, Senior Technical Consultant, Parsons Corporation – Mr. Lair was Mr. Varshney's supervisor at Parsons and terminated Mr. Varshney based on MDA's report.

3. Cary Boyd and Alvin Myers, both from THAAD Fire Control and Communication – These gentlemen witnessed the more serious security violation referenced above.

4. Jim Cambron, MDA – Mr. Cambron is a comparator who was not terminated.

5. Tim Nolfo and Craig Meadows, both from Targets.

   a. In 2021, MDA employees who were supporting the Targets group, including Mr. Varshney, went to Florida on a company trip. While sitting around a table at a restaurant, many of Mr. Varshney's coworkers decided to go outside to get fresh air, leaving Mr. Varshney alone with Mr. Nolfo. Mr. Nolfo asked the departing group why they were leaving "this Thing" with him, indicating Mr. Varshney. Mr. Meadows witnessed this exchange.

   b. The next day, Mr. Meadows, another individual, Mr. Nolfo, and Mr. Varshney were on site standing in the sun. Mr. Nolfo decided to bring water bottles for the group. He began passing out the bottles, but only to the white people, purposefully skipping over Mr. Varshney.

# EXHIBIT D



**DEPARTMENT OF DEFENSE**

**MISSILE DEFENSE AGENCY**
**5700 18TH STREET**
**FORT BELVOIR, VIRGINIA  22060-5573**

EO                                                                                    March 31, 2023

**Via Electronic Mail:  jwheeler@maynardcooper.com**

> Complaint of Anil Varshney
>   v. Lloyd J. Austin, III, Secretary of Defense
> MDA Case Number:  **2023-MDA-00003**

Dear Ms. Jennifer Wheeler:

**On November 16, 2022, it was brought to the attention of Missile Defense Agency EEO Office that you will be representing Mr. Anil Varshney during the process of his formal complaint.  In light of the National Emergency declared by the President due to the Coronavirus (COVID-19), the Equal Employment Opportunity Commission's Office of Federal Operations and Missile Defense Agency do not have access to U.S. mail.  We ask that all submissions and communication be digital (see attached EEOC guidance), via EEOC Public Portal https://publicportal.eeoc.gov/Portal/Login.aspx and MDA email address Equal-Opportunity@mda.mil.**

This correspondence is in reference to the complaint of discrimination your client filed against the Missile Defense Agency (hereinafter "the Agency").  This letter also provides written notification of your client's rights and the time requirements associated with those rights. Please refer to the Agency Case No.: 2023-MDA-00003, in all correspondence related to this matter.  On February 14, 2023, your client alleged he had been subjected to discrimination based on race (Indian), color (brown), national origin (India) and age (YOB: ██████ by Mr. Brock Owens, Deputy Program Manager (DPM), TH Ground Systems when:

1. On October 2, 2022, Mr. Owens was responsible for your client's security privileges being revoked, termination of his employment at MDA, and recommended that his employment at Parsons Corporation also be terminated.

2. On October 6, 2022, your client's was terminated by Parsons Corporation due to Mr. Owens' recommendation.

**PROCEDURAL HISTORY**

Your client contacted the Equal Opportunity for pre-complaint counseling on November 23, 2022, and he received the Notice of Right to File a Formal Complaint of Discrimination on February 1, 2023. Your client's formal discrimination complaint was received and deemed filed on February 14, 2021, pursuant to Title VII of the Civil Rights Act of 1964 as amended. The Agency acknowledged receipt on February 15, 2023. By letter dated February 15, 2023, the Agency accepted the complaint pursuant to the Equal Employment Opportunity Commission (EEOC) regulation found in Title 29 Code of Federal Regulations (29 C.F.R.) Part 1614. The

complaint was assigned to LDM Group, to perform EEO Counseling on December 15, 2022 and completed on February 1, 2023.

## STATEMENT OF FACTS

Your client is a former Senior Systems Engineer formally employed by a private company, Parsons Corporation at the MDA, Redstone Arsenal, AL. In the counselor's report your client acknowledged that he was employed by Parsons Corporation as a Senior Systems Engineer until October 6, 2022. Your client worked in Systems Engineer (MDA/SE) as a contractor under the TEAMS Next Contract (HQ0858-21-C-0015), the counselor's report indicated that Mr. David Lair, Senior Technical Consultant for Parsons supporting the TEAMS Next MDA Engineering contract with MDA was responsible for overseeing and evaluating your client's work to the contract.

Mr. Lair, whom identified himself as your client's immediate supervisor at Parsons stated that your client's cubicle location was within MDA Building 5222 on Redstone Arsenal and MDA along with Parsons provided technology equipment needed to meet job requirements.  He explained that Parsons managed your client's time and attendance and leave requests.  Mr. Lair indicated your client received his paychecks from Parsons and he did not receive any health insurance from MDA.  He also indicated that MDA did not have the authority to evaluate your client's work performance.

## LEGAL ANALYSIS

To pursue an EEO complaint, an Agency must determine whether a Complainant is an Agency employee or an applicant for employment within the meaning of Section 717(a) of Title VII of the Civil Rights Act of 1964, as amended. Section 717(a) provides in relevant part that "[a]ll personnel actions affecting employees or applicants for…in executive agencies…shall be made free from any discrimination based on race, color, religion, sex, or national origin." Thus, Section 717(a) expressly prohibits discrimination by federal Agencies against "employees" and "applicants for employment."

Equal Employment Opportunity Commission (EEOC or Commission) Regulations at 29 C.F.R. § 1614.107(a)(1) provide, in relevant part, that an Agency shall dismiss a complaint that fails to state a claim. An Agency shall accept a complaint from any Aggrieved employee or applicant for employment who believes that she or he has been discriminated against by the Agency because of race, color, religion, sex, national origin, age or disabling condition.[1] Accordingly, a complaint may be dismissed for failure to state a claim when a complainant is not an employee or applicant for employment with the federal government.

The Commission has applied the common law of Agency test to determine whether complainants are Agency employee under laws enforced by the EEOC.  Specifically, the EEOC will look to the following non-exhaustive list of factors: (1) the extent of the employer's right to control the means and manner of the worker's performance; (2) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist

---

[1] See 29 C.F.R. §§ 1614.103, .106(a).

without supervision; (3) the skill required in the particular occupation; (4) whether the "employer" or the individual furnishes the equipment used and the place of work; (5) the length of time the individual has worked; (6) the method of payment, whether by time or by the job; (7) the manner in which the work relationship is terminated, i.e., by one or both parties, with or without notice and explanation; (8) whether annual leave is afforded; (9) whether the work is an integral part of the business of the "employer;" (10) whether the worker accumulates retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties.[2]

For this analysis, the Agency accepts as true Parsons Corporation, Senior Technical Consultant, Mr. Lair's assertions to the EEO Counselor, as referenced in the counselor's report.  Mr. Lair stated that the complainant had been a contractor with Missile Defense Agency, during his tenure the Agency did not control the means and manner of the Complainant's performance with his work being completed under the direction of a Contract supervisor. The Agency furnished the place of work, and the Agency and Parsons furnished the equipment used. Complainant was not compensated by MDA. Under the terms of the contract, Complainant received paid time off and was eligible to receive worker's compensation benefits by his contract company. Complainant's work as a Systems Engineer under the TEAMS Next Contract was an integral part of the Agency's business. Complainant accrued no federal employee competitive or excepted service credit or retirement benefits.

Mr. David Liar, Senior Technical Consultant, Parsons Corporation, and the Agency agreed there was no creation of an employer-employee relationship, analysis of the foregoing factors under the common law of agency test required, on balance, the determination that the complaint should be dismissed pursuant to 29 C.F.R. §107(a)(1).

Additionally, under circumstances individuals who work for an outside organization may assert a claim against an Agency that is determined to have joint liability.  In determining whether a federal Agency is liable jointly in a claim asserted by an individual employed by the Parsons Corporation, we looked to the Commission's enforcement guidance found at Enforcement Guidance:  Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms.  (December 3, 1997) (available at https://www.eeoc.gov/policy/docs/conting.html).  "A federal Agency qualifies as a joint employer of an individual assigned to it if it has the requisite control over the worker…and if the Agency discriminates against the individual, it is liable whether or not the individual is on the federal payroll."  *See* Section 4, pg. 13.  The information provided indicates that your client was not a MDA employee, he provided no work to a MDA employee, nor did your client have a MDA supervisor.  Therefore, the MDA had no ongoing relationship with your client nor did they have any authority over him or any aspect of the manner by which his work was achieved.  For these reasons, your client cannot file an EEO complaint against the MDA under 29 C.F.R. § 1614 because it does not qualify as a joint employer.  *Id* at Section 3, pg. 12.  As a result, the Agency must dismiss your client's complaint in its entirety for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1).  This is a Dismissal of your client's complaint.  If he is dissatisfied with this final decision, your client has the following appeal rights:

---

[2] *Ma v. Dep't of Health & Human Servs*., EEOC Appeal No. 01962390 (June 1, 1998) (individual to be considered an employee and not a contactor).

## **APPEAL RIGHTS**

Your client may file an appeal with the Equal Employment Opportunity Commission (EEOC) within **30 calendar days** of receipt of this decision.  The thirty day period for filing an appeal begins on the day after the date of receipt of this decision.  The appeal will be considered timely if it is delivered in person, by facsimile, or postmarked before the expiration of the applicable filing period.  In the absence of a legible postmark, the appeal will be considered timely if it is received by mail within five days of the expiration of the applicable filing period.  Appeals to the EEOC should be forwarded to the **Director, Equal Employment Opportunity Commission, Office of Federal Operations, Post Office Box 77960, Washington, D.C. 20013,** with a copy to this office within **30 days of filing** the Notice of Appeal.  Conversely, due to COVID-19, the EEOC provided the following guidance:

1.  With regard to appealing to the EEOC's Office of Federal Operations (OFO), while Complainant's may receive an appellate decision via U.S. Mail, those with an account with the EEOC's Public Portal, may waive receipt via U.S. Mail and receive the decision via the EEOC's Public Portal.  Please note that there may be a delay in the issuance of decisions sent by mail.

2.  While the EEOC and OFO have limited access to U.S. Mail, parties are encouraged to utilize the Commission's digital platforms, such as the EEOC Public Portal, to communicate.  Therefore, any documentation your client desires to forward to the EEOC or the OFO, should be in PDF format and uploaded to the FEDSEP Public Portal at https://publicportal.eeoc.gov/Portal/Login.aspx.

In or attached to the appeal, the Complainant must certify the date and method by which service was made to the Agency.  A copy of this decision must also be attached to the notice of appeal form 573.  Failure to file the appeal within the 30-day period could result in the EEOC's dismissal of the appeal, unless it is explained, in writing, extenuating circumstances which prevented filing within the prescribed time limit.  In that event, extending the time limit and accepting the appeal will be at the EEOC's discretion.

The Complainant may file a brief or statement in support of his appeal with the Office of Federal Operations.  Complainant's brief or statement must be filed within 30 calendar days from the date the appeal is filed, with a copy to this office.

## **CIVIL ACTIONS**

In lieu of an appeal to the EEOC, the Complainant may file a civil action in an appropriate United States District Court within **90 calendar days** of receipt of this final decision.  If the Complainant filed an appeal with the EEOC, and is not satisfied with the EEOC's decision, the Complainant may file a civil action in a United States District Court within **90 calendar days** of receipt of the EEOC's final decision.

The Complainant may also file a civil action any time after **180 calendar days** from the date of filing an appeal with the EEOC, if there has been no final decision by the EEOC.

Upon request, the Civil Rights Act and the Rehabilitation Act gives the Court discretionary authority to appoint an attorney to represent the Complainant free of charge without payment of any fees or costs.  The grant or denial of the Complainant's request is within the sole discretion of the Court.  Please note that the national origin discrimination in Employment Act (ADEA) contains no specific provision for a court appointed attorney.

If the Complainant files a civil action involving this complaint, the Complainant **must specifically name Mr. Lloyd J. Austin, Secretary of Defense, as the defendant**.  Failure to do so may result in the loss of any judicial redress to which the Complainant may be entitled.

It is important to note that Title 29 C.F.R. § 1614.409 states that "[filing a civil action under § 1614.408 or § 1614.409 shall terminate Commission processing of the appeal]."  If a private suit is filed subsequent to the filing of the appeal, the parties are requested to notify the EEOC in writing.

   The docket number identified at the top of page 1 of this letter should be used on all correspondence.

   The point of contact is the Complaints Manager, Corey Pitts at corey.pitts@mda.mil.

                                  Sincerely,



Enclosures                        MELTINA BYNUM
Counseling Report                    Director, Equal Opportunity and
EEOC Form 573                        Diversity Management


cc
Complainant

# EXHIBIT E

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2023-00903 |

and EEOC

*State or local Agency, if any*

RECEIVED
20 DEC 2022
Birmingham District Office
US EEOC

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Anil Varshney | ▇▇▇▇ | ▇▇▇▇ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▇▇▇▇ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Parsons Corporation | 15,000+ | (256) 837-5200 |

| Street Address | City, State and ZIP Code |
|---|---|
| 401 Diamond Drive, Huntsville, AL 35806 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN

☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 7/2011   Latest: 10/6/2022

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached.

This form was submitted with the assistance of my attorney Jennifer Wheeler, Maynard Cooper & Gale, 1901 Sixth Avenue North, Suite 1700, Birmingham, AL 35203, (205) 488-3603, jwheeler@maynardcooper.com.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12-20-2022 *(Date)*   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117**,** 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## Addendum to EEOC Charge No. 420-2023-00903

I am a 78-year-old Indian man who has faithfully and honestly served MDA for 21 years and was employed by Parsons as its loyal employee for 11 years. During that period, I was given awards from time to time for excellent performance. During that time, I was also subjected to multiple and continual instances of mistreatment and comments based on my race, color, national origin, and age. These comments occurred in a local work environment that consistently lacked the diversity of workforce and leadership to properly prevent and address such matters before or as they arose. This mistreatment escalated to the point where I was abruptly terminated based on discrimination due to race, color, national origin, and age.

On October 6, 2022, I received a Notification of Termination from Parsons and David Lair, Senior Technical Consultant, stating that I had committed a "Major Offense" by "us[ing] the Facetime application on [my] personal phone at the classified worksite." The letter claimed that I had two prior security violations relating to the use of a thumb drive in a computer. These alleged violations were apparently reported to Parsons by an MDA employee. I had received no prior notifications or warnings related to the alleged incidents and had not been the subject of any inquiry or investigation into any of these alleged incidents. Despite my record of faithful service to Parsons, Parsons conducted no investigation into the truth or veracity of the allegations. It also made no attempt to locate another placement for me. Rather, I simply received a sudden call from Mr. Lair on October 3, 2022, stating that my privileges at MDA had been revoked and to meet him at the worksite, where I was escorted out by security and subsequently terminated.

If Parsons had properly investigated the circumstances of the Facetime call, it would have learned that the call was received in an empty area where no work was being completed and no classified information was in the area. The Facetime call was necessary to receive an urgent family communication and was approximately two minutes long. No other personnel were in the area. Toward the end of the call, a white MDA employee, Brock Owens, walked by and saw me speaking Hindi to my family members.

While I acknowledge that cell phones are not permitted in the conference rooms during classified meetings, they are permitted in the offices. (This is in stark contrast to MDA Colorado Springs, where cell phones are not even permitted in the building.) I do not recall training material clearly stating that Facetiming is prohibited or considered a Major Offense even when conducted in empty areas and in urgent family situations. If such training was provided, it was ineffective. Since being terminated, I asked three current contractor-employees working in the MDA building if they were aware of this rule, and they were not. I also was not made aware of any prior security violations except for one call from IT stating that I had inadvertently placed a thumb drive into the wrong computer by mistake. I was not served any notice or consulted, reprimanded, or investigated by anyone including a supervisor about any other incident.

I have been the target of ethnically charged comments and actions multiple times by white employees of Parsons and MDA, including being treated differently than the younger, white employees. For example, coworkers would exclude me while including white employees, use names for me like "this Thing" even when I was sitting right next to them, and complain that they couldn't understand my Indian accent. They would regularly pretend that I did not exist by

directing their answers to my questions to white employees, ignoring me entirely. Although these incidents happened with extreme frequency, some specific examples that I can recall at this time are as follows:

- In 2021, Parsons and MDA employees who were supporting the Targets group, including me, went to Florida on a company trip. While sitting around a table at a restaurant, many of my coworkers decided to go outside to get fresh air, leaving me alone with Mr. Tim Nolfo. Mr. Nolfo asked the departing group why they were leaving "this Thing" with him, indicating me. Mr. Craig Meadows witnessed this exchange.

- The next day, Mr. Meadows, another individual, Mr. Nolfo, and I were on-site standing in the sun. Mr. Nolfo decided to bring water bottles for the group. He began passing out the bottles, but only to the white people, purposefully skipping over me.

The environment created allows for unlawful discrimination against me based on my race, color, national origin, and age. Parsons also has a history of terminating senior and older employees. In many instances, these terminations came under the guise of contract cost-cutting measures. I am aware of only one of these employees who was offered a replacement job, but that was at a much lower salary.

Parsons and MDA have treated others outside my protected categories more favorably. I am aware of at least one recent situation involving a far more serious security violation made by a younger white male that did not result in reporting or enforcement. In a classified VTC meeting, where cell phones and unclassified computers are not allowed, this individual opened an unclassified computer and was simply tapped and told by another individual that it was a security violation. It was not reported and to my knowledge, the individual was not terminated. This classified meeting was attended by Mr. Cary Boyd and Mr. Alvin Myers of THAAD Fire Control and Communication (TFCC), among others.

Parsons terminated me at the behest of an MDA employee who was motivated by discrimination based on my race, color, national origin, and age. The lack of investigation, inquiry, and proper training, combined with Parsons' snap reaction to terminate me after 11 years of service and over 20 years of service to the US government, strongly suggest that I have been unlawfully discriminated against due to my race, color, national origin, and age. Enforcement of the supposed security violations has been inconsistently applied within MDA and Parsons and I have been treated less favorably by both MDA and Parsons than others outside my protected categories. Parsons' discrimination against me is in violation of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act; and the Alabama Age Discrimination in Employment Act (AADEA).

After 20+ years of service to MDA and 11+ years of service to Parsons, my career was ended abruptly with extreme emotional and financial impact. I intended to continue serving my profession and the government in the years ahead. Given my age, Parsons has effectively ended that opportunity. However, my security clearance with respect to other agencies remains intact. I would like to be reinstated with Parsons (if my reinstatement can be without retaliation and guaranteed for one year), and to be paid backpay, lost benefits, punitive damages, and attorneys' fees. If I cannot be reinstated, I also request payment of front pay.

I attempted to resolve my complaints through Parsons' Employee Dispute Resolution procedures, but Parsons was unwilling to participate in an in-person mediation as set forth in its own procedures. I also filed an EEO pre-complaint with my joint employer MDA through the federal sector EEO process.

# EXHIBIT F



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Birmingham District Office**
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL  35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/20/2023

**To:** Anil Varshney

███████████████████

Charge No: 420-2023-00903

EEOC Representative and email:     ALICIA MARTIN-SCHUTZ
Supervisor
alicia.martin-schutz@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2023-00903.

On behalf of the Commission,

*Alicia Martin-Schutz*
Digitally signed by Alicia Martin-Schutz
Date: 2023.06.20 18:02:42 -04'00'

*/for* Bradley A. Anderson
District Director

**Cc:**
Kristen R Ragosta
Parsons Corporation
100 HIGH ST STE 4
Boston, MA 02110

Shannon Miller
Synovus  Center
800 Shades Creek Parkway Suite 870
Birmingham, AL 35209

Jennifer Wheeler
Maynard Cooper Gale
1901 South Ave. North, Suite 1700
Birmingham, AL 35203


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 420-2023-00903 to the District Director at Bradley Anderson, 1130 22nd Street South Suite 2000

Birmingham, AL 35205.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.