FILED
2023 Jul-24 PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ANIL VARSHNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 5:23-cv-00812-LCB ) |
| PARSONS CORPORATION; LLOYD J. AUSTIN, as SECRETARY OF DEFENSE, | ) ) ) ) ) |
| Defendants. | ) |

## ANSWER

Defendant Parsons Corporation ("Parsons" or "Defendant") responds to Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. Defendant acknowledges that Plaintiff seeks to invoke the jurisdiction of the court and asserts claims of alleged discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Alabama Age Discrimination in Employment Act ("AADEA"), Ala. Code § 25-1-20 *et seq.* Defendant denies it engaged in any of the wrongdoing alleged by Plaintiff or that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations of paragraph 1 of the Complaint.

2. Defendant admits that this Court has jurisdiction over Plaintiff's claims. Defendant denies it engaged in any of the wrongdoing alleged by Plaintiff or that Plaintiff is entitled to any relief whatsoever.

3. Defendant admits the venue is proper, but denies it engaged in any of the wrongdoing alleged by Plaintiff or that Plaintiff is entitled to any relief whatsoever.

4. Defendant admits that it is subject to the jurisdiction of this Court, but denies it engaged in any of the wrongdoing alleged by Plaintiff or that Plaintiff is entitled to any relief whatsoever.

## PARTIES

5. Defendant admits that Plaintiff is over the age of 19 years and is a resident of the Alabama.  Defendant admits that Plaintiff worked for Parsons from approximately July 2011 to October of 2022.  Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. The allegations of paragraph 7 do not apply to Defendant Parsons.

## CONDITIONS PRECEDENT

8. The allegations of paragraph 8 do not apply to Defendant Parsons.

9. The allegations of paragraph 9 do not apply to Defendant Parsons.

10. The allegations of paragraph 10 do not apply to Defendant Parsons.

11. The allegations of paragraph 11 do not apply to Defendant Parsons.

12. Defendant admits that Plaintiff filed Charge of Discrimination Number 420-2023-00903 with the Equal Employment Opportunity Commission ("EEOC") on December 20, 2022.  Defendant denies that it engaged in any of the wrongdoing alleged by Plaintiff or that Plaintiff is entitled to any relief whatsoever.  Defendant denies the remaining allegations of paragraph 12.

13. Defendant admits that the EEOC issued a Dismissal and Notice of Rights Upon Request on or about June 20, 2023.  Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits that the EEOC issued a Dismissal and Notice of Rights Upon Request on or about June 20, 2023.  Defendant denies the remaining allegations of paragraph 14.

15. Defendant admits that the EEOC issued a Dismissal and Notice of Rights Upon Request on or about June 20, 2023.  Defendant denies the remaining allegations of paragraph 15.

## FACTUAL ALLEGATIONS

16. Defendant admits that Plaintiff committed three security violations. Defendant denies the remaining allegations of paragraph 16.

17. Defendant is without information sufficient to admit or deny the allegations of paragraph 17 and as such, denies the allegations.

18. Defendant is without information sufficient to admit or deny the allegations of paragraph 18 and as such, denies the allegations.

19. Defendant is without information sufficient to admit or deny the allegations of paragraph 19 and as such, denies the allegations.

20. Defendant is without information sufficient to admit or deny the allegations of paragraph 20 and as such, denies the allegations.

21. Defendant Parsons admits that it contracts with MDA. Defendant Parsons admits that Plaintiff worked for Parsons as a Senior Systems Engineer. Defendant admits that David Lair is a Parsons employee. Defendant denies the remaining allegations of paragraph 21.

22. Defendant admits that Plaintiff was required to follow policies. Defendant denies the remaining allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits that Plaintiff committed a security violation in September of 2022. Defendant denies the remaining allegations of paragraph 26.

27. Defendant admits that Plaintiff committed a security violation in September of 2022. Defendant denies the remaining allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant admits that Plaintiff committed at least three separate security violations. Defendant denies the remaining allegations of paragraph 31.

32. Defendant admits that Plaintiff committed at least three separate security violations. Defendant denies the remaining allegations of paragraph 32.

33. Defendant admits that Plaintiff committed at least three separate security violations and that Parsons employee Kim Adams communicated with Plaintiff regarding his lack of security clearance. Defendant denies the remaining allegations of paragraph 33.

34. Defendant admits that it terminated Plaintiff's employment after he committed at least three separate security violations. Defendant denies the remaining allegations of paragraph 34.

35. Defendant admits that it terminated Plaintiff's employment after he committed at least three separate security violations. Defendant denies the remaining allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant admits the allegations of paragraph 40.

41. The allegations of paragraph 41 do not apply to Defendant Parsons.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant admits that it agreed to mediate with Plaintiff through its EDR and that Plaintiff refused to participate when Parsons requested to attend virtually. Defendant denies the remaining allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant is without information sufficient to admit or deny the allegations of paragraph 50 and as such, denies the allegations.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

## COUNT ONE
## Discrimination in Violation of Title VII of the Civil Rights Act

53. Defendant adopts and incorporates its prior responses to Plaintiff's allegations contained in Paragraphs 1 through 52 as if fully set out herein.

54. Upon information and belief, Defendant admits the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

## COUNT TWO
## Violation of the Age Discrimination in Employment Act

63. Defendant adopts and incorporates its prior responses to Plaintiff's allegations contained in paragraphs 1 through 62 as if fully set out herein.

64. Upon information and belief, Defendant admits the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

## COUNT THREE
### Violation of the Alabama Age Discrimination in Employment Act
### (Defendant Parsons)

73. Defendant adopts and incorporates its prior responses to Plaintiff's allegations contained in paragraphs 1 through 72 as if fully set out herein.

74. Upon information and belief, Defendant admits the allegations of paragraph 74.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant denies the allegations of paragraph 77.

78. Defendant denies the allegations of paragraph 78.

79. Defendant denies the allegations of paragraph 79.

80. Defendant denies the allegations of paragraph 80.

81. Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

## PRAYER FOR RELIEF

The remainder of the Complaint contains a prayer for relief that requires neither admission nor denial. To the extent the prayer for relief is construed to allege some wrongful or discriminatory, said action is denied. Defendant further denies that Plaintiff is entitled to any relief herein. Any allegation not specifically admitted is hereby denied.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### SECOND DEFENSE

The Complaint or portions thereof are barred in that Plaintiff has failed to meet the statutory and administrative prerequisites and/or conditions precedent to filing this action.

### THIRD DEFENSE

To the extent that Plaintiff has failed to mitigate his damages, he is barred from recovering from Defendant.

## FOURTH DEFENSE

To the extent that Plaintiff established that his membership is any protected class was a motivating factor for any employment decisions challenged herein, Defendant affirmatively states it would have taken the same action in the absence of any impermissible motivating factors.

## FIFTH DEFENSE

All actions taken by Defendant were based on legitimate, business, non-discriminatory, reasons, which were made in good faith and were not pretextual.

## SIXTH DEFENSE

Plaintiff is not entitled to punitive or liquidated damages and all damages sought are subject to the limits set by 42 U.S.C. § 1981a.

## SEVENTH DEFENSE

Defendant denies that it has been guilty of any kind of conduct which entitles Plaintiff to recover punitive or liquidated damages.

## EIGHTH DEFENSE

Plaintiff is not entitled to any award of liquidated and/or punitive damages in that Defendant has implemented and maintained policies and practices designed and intended to prevent discrimination.

## NINTH DEFENSE

The Complaint or portions thereof are beyond the scope of the underlying EEOC Charge of Discrimination.

## TENTH DEFENSE

To the extent Plaintiff has successfully taken a position in another proceeding that is inconsistent with his claims for relief in this action, Plaintiff's claims in this action are barred.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by one or more of the doctrines of estoppel, contributory negligence, and unclean hands.

## TWELFTH DEFENSE

Even if Plaintiff could show that any employee of Defendant acted inappropriately toward him, Defendant respond as follows:  Defendant did not authorize, participate in, or otherwise ratify or adopt any of the alleged conduct which Plaintiff alleges was harassing or conduct which Plaintiff alleges was an intentional violation of the law.  Nor was any of such alleged conduct beneficial to defendant or within the line and scope of employment with Defendant.  Further, even if an employee of Defendant acted inappropriately toward Plaintiff, Defendant did not know or have reason to know of those alleged actions toward Plaintiff.

# THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant has been unduly prejudiced by Plaintiff's failure to diligently pursue his claims against Defendant, and that the doctrine of laches applies.

# FOURTEENTH DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

# FIFTEENTH DEFENSE

Defendant denies any allegation not specifically admitted.

# RESERVATION OF DEFENSES

Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, defendant Parsons Corporation respectfully requests that the Court:

a. Enter an Order dismissing, with prejudice, Plaintiff's Complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c. Award to Defendant its attorneys' fees and its costs; and

d. Grant such further relief as the Court may deem just and proper.

Respectfully submitted this 24th day of July, 2023.

/s/ Shannon L. Miller
Shannon L. Miller (ASB-8026-R60S)
shannon.miller@jacksonlewis.com
**JACKSON LEWIS P.C.**
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Direct Dial: 205-332-3102
Fax:   (205) 332-3131

**Attorney for Defendant
Parsons Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I have served a true and correct copy of the foregoing upon Plaintiff's counsel of record electronically by CM/ECF as follows:

Walter A. "Tod" Dodgen
Maynard Nexsen PC
665 Gallatin Street SW
Huntsville, AL 35801
tdodgen@maynardnexsen.com

John B. Holmes, III
Jennifer Hanson Wheeler
Maynard Nexsen PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
jholmes@maynardnexsen.com
jwheeler@maynardnexsen.com

/s/  Shannon L. Miller
Counsel of Record

4853-5158-3858, v. 1